■ Martin Food Distributors, Inc., et al., Respondents, v Murray Berkowitz et al., Appellants. [726 NYS2d 648] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered on or about December 20, 2000, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing plaintiffs' complaint, unanimously modified, on the law, to dismiss the cause of action for breach of contract, and otherwise affirmed, without costs.

The cause of action for breach of contract should have been dismissed. The record establishes that the parties did not intend any agreement between them to be binding until reduced to writing and signed by both (see, Scheck v Francis, 26 NY2d 466, 469-470). In any event, the record also establishes that the parties never did reach an understanding even as to the most basic terms of any joint venture, namely, how profits and losses were to be shared. The causes of action for quantum meruit and unjust enrichment were properly sustained upon evidence tending to show that defendants have profited from an opportunity they discovered as a result of plaintiffs' efforts, and from plaintiffs' transfer of certain property to defendants in the mistaken belief that the parties were engaged in a joint venture. The causes of action for tortious interference with contract and with prospective business relations were also properly sustained, there being triable issues of fact as to whether, inter alia, defendants had prior knowledge of the contract they allegedly interfered with, and whether they used economic coercion or other wrongful means (see, Snyder v Sony Music Entertainment, 252 AD2d 294, 300) to induce plaintiffs' promisor to breach that contract. Concur—Rosenberger, J. P., Williams, Tom, Andrias and Marlow, JJ.